STOULIG, Judge.
Appellants are owners or lessees of immovable'property who challenge the validity and constitutionality of the 1974 and the 1975 assessments of tax against their properties within the Central Business District (CBD) of the City of New Orleans. Plaintiffs’ properties are located in that part of the Second Municipal Assessment District bounded by the Mississippi River, Iberville Street, North Claiborne Avenue and Canal Street. Under a plan of revaluation of property primarily within the CBD of which the delineated strip constitutes a *674 part, plaintiffs’ taxes were increased substantially. After paying the 1974 taxes under protest, petitioners availed themselves of the provisions of LSA-R.S. 47:1999 and 47:2110 by filing suit for a refund of the amount of the increase after the revaluation and to have the assessment as increased declared invalid and unconstitutional. While this matter was pending, 1975 taxes accrued and were paid under protest and plaintiffs amended their pleadings to claim refund for the difference between the 1973 and the 1975 taxes. The trial court dismissed their suit.
We reverse the decision of the trial court. In Probst v. The City of New Orleans, La.App., 325 So.2d 665 we declared the plan under which the increased assessments were levied against CBD property owners invalid and unconstitutional. The same reasoning applies in this case. Plaintiffs in this suit made the Director of Finance of the City of New Orleans a party defendant as required by LSA-R.S. 47:2110 (in this respect it procedurally differs from Probst). Therefore, they are entitled to a refund of that portion of the taxes paid under protest which represents the increase attributable to the revaluation of their property in the CBD.
For the reasons assigned the judgment appealed from is reversed and it is now ordered that there be judgment against Henry G. Simmons in his capacity as Director of Finance of the City of New Orleans in favor of the following plaintiffs :
1. May Heymann Wolf, Jimmy Hey-mann, individually and as trustee of the Jerry Heymann Separate Property Trust and Jerry Heymann, jointly, in the sum of $14,281.68;
2. Krauss Company, Ltd., and May Fellman Parker jointly in the sum of $5,638.48; and
3. Succession of Frank J. Monteleone, Mrs. Mae Attaway, wife of Oliver Miller, William A. Monteleone and Walgreen Louisiana Company, Inc., jointly, in the sum of $3,472.04.
The above awards of refunds shall bear interest at the rate of 2 percent per annum from date of payment of taxes until date of review in accordance with LSA-R.S. 47:2110.
It is further decreed that the increased amounts of the 1974 and the 1975 Central Business District tax assessments are null and void.

Revered and rendered.